OPINION
{¶ 1} Appellant, Ernest J. Spikes, appeals from the judgment of the Lake County Court of Common Pleas denying his motion to suppress evidence. We affirm.
 {¶ 2} On August 20, 2004, at approximately 2:05 a.m., Deputy Allen Moon conducted a traffic stop on a vehicle which had no tail lights. Tia Whitmore ("Whitmore") was driving the vehicle while appellant and one John Gibson, were passengers. None of the individuals in the vehicle had identification so each submitted their social security numbers to Deputy Moon. After verifying their identity, Deputy Moon learned that Whitmore had a suspended driver's license. Moon was also alerted, through his dispatcher, that appellant was currently on parole. Whitmore was subsequently removed from the car, arrested, and placed in the back of Moon's police cruiser. In the meantime, a second deputy (Deputy Sitz) and a Painesville city police officer (Officer McNelly) were passing by and stopped to assist Moon. Before Officer Moon addressed appellant, Officer McNelly told Deputy Moon she knew appellant to be a "cocaine user."
 {¶ 3} Deputy Moon returned to the vehicle and requested appellant to exit the vehicle because he "need[ed] to talk to [appellant] for a minute." As appellant was stepping out of the vehicle, Moon queried why appellant was on parole. Appellant responded he was on parole for drug trafficking. The two men walked to the rear of the vehicle where Deputy Moon asked whether appellant was in possession of any weapons or contraband. Appellant responded he had marijuana in his right, front pocket. The deputy instructed appellant to place his hands on the back of his head and asked if he could remove the marijuana. After retrieving the marijuana, Deputy Moon conducted a pat-down search of appellant for weapons at which point he discovered a bag of white powder in appellant's right, front "change pocket." Appellant was arrested.
 {¶ 4} On October 22, 2004, appellant was indicted on one count of possession of cocaine, a fifth degree felony in violation of R.C. 2925.11. On October 29, 2004, appellant waived his right to be present at his arraignment and a plea of "not guilty" was entered on his behalf.
 {¶ 5} On November 16, 2004, appellant filed a motion to suppress all evidence obtained by the search and seizure conducted on August 20, 2004. Appellant alleged Deputy Moon had no specific, articulable facts upon which he might justify detaining appellant and the ultimate search. A hearing was held on December 21, 2004 and, on January 5, 2005, the Lake County Court of Common Pleas denied appellant's motion.
 {¶ 6} Appellant subsequently withdrew his plea of "not guilty" and entered a plea of no contest. Appellant was found "guilty" of possession of cocaine and sentenced to serve 9 months incarceration. Appellant now appeals and asserts one assignment of error for our review:
 {¶ 7} "The trial court erred to the prejudice of the defendant appellant by failing to grant his motion to suppress in violation of his due process rights and rights against unreasonable search and seizure pursuant to the Fourth, Fifth andFourteenth Amendments to the United States Constitution and Sections 10, 14 and 16, Article I of the Ohio Constitution."
 {¶ 8} When considering a motion to suppress evidence, the lower court is the trier of fact and must weigh the evidence and judge witness credibility. State v. Boczar, 11th Dist. No. 2004-A-0063, 2005-Ohio-6910, at ¶ 10. We will not disturb the lower court's factual conclusions where they are supported by competent, credible evidence. State v. Mills (1992),62 Ohio St.3d 357, 366. After accepting the trial court's factual findings, an appellate court reviews the lower court's application of law using a de novo standard. Boczar, supra.
 {¶ 9} Under his sole assignment of error, appellant first argues the trial court erred in overruling his motion to suppress evidence because Deputy Moon did not have a sufficient basis to seize and search him.
 {¶ 10} The Fourth Amendment provides that "the right of the people to be secure in their person, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated * * *." A fourth Amendment seizure occurs when a police officer accosts an individual and restrains his or her freedom to leave.Terry v. Ohio (1968), 392 U.S. 1, 16. Further:
 {¶ 11} "a person is `seized' only when, by means of physical force or show of authority, his freedom of movement is restrained. * * * As long as the person to whom questions are put remains free to disregard the questions and walk away, there has been no intrusion upon that person's liberty or privacy as would under the Constitution require some particularized and objective justification." United States v. Mendenhall (1980),446 U.S. 544, 553-554.
 {¶ 12} Accordingly, a person is "seized," forFourth Amendment purposes, when, in view of all surrounding circumstances, a reasonable person would believe he was not free to leave. Id. at 554.
 {¶ 13} It is patent that not all personal intercourse between police and citizens involves a "seizure." Reid v. Georgia
(1980), 448 U.S. 438,440; State v. McFarland (1982),4 Ohio App.3d 158, 159. The minimal intrusion of simple questioning of one not in custody does not constitute a "seizure" within the gamut of the Fourth Amendment. State v. Robinette,80 Ohio St.3d 234, 240, citing, Florida v. Royer (1983), 460 U.S. 491. Under such circumstances, the person approached need not answer any question put to him and "may decline to listen to the questions at all and may go on his way." Royer, supra, at 497-498. In short, where an individual's liberty is unrestrained, a police officer does not violate the Fourth Amendment by asking questions.
 {¶ 14} In light of the foregoing, we do not believe appellant's Fourth Amendment rights were violated by Officer Moon's questions. Appellant was a passenger in a vehicle properly stopped for a traffic violation. Deputy Moon determined neither Whitmore nor her passengers possessed valid driver's licenses. Whitmore was arrested. Although appellant and his fellow passenger remained in the vehicle, testimony indicated they did so without being asked or urged to do so. In fact, Moon alerted the passengers of Whitmore's arrest but did not indicate they were required to remain at the scene.
 {¶ 15} At some point during Whitmore's arrest, Deputy Moon was informed, via dispatch, that appellant was on parole; Moon subsequently asked appellant to exit the vehicle in order to talk to him. Moon emphasized he neither commanded nor compelled appellant to do so and, in any event, appellant (and his co-passenger) had to remove themselves because the vehicle was about to be towed.
 {¶ 16} While exiting the car, Moon asked appellant "what are you on parole for[?]" Appellant responded "drug trafficking" and, according to Moon, both men then "walked back between our cars nonchalantly[.]" Moon then asked whether appellant had any weapons or contraband in his possession. Appellant responded he had marijuana in his right, front pocket. Pursuant to this statement, Deputy Moon seized the marijuana, conducted a pat-down search, and discovered a "small bag of a white, powdery substance" in his "right change pocket."
 {¶ 17} Prior to his statement that he had marijuana in his right pocket, Moon had neither restrained appellant's freedom of movement nor compelled him to answer his simple questions. Deputy Moon testified appellant was free to leave the scene, but remained in the vehicle of his own volition after Whitmore's arrest. Moreover, appellant, without threat or coercion, exited the vehicle and chose to provide information upon Moon's request. Thus, we do not believe the dialogue leading to appellant's incriminating statements was either a search or seizure within the context of the Fourth Amendment.
 {¶ 18} However, assuming arguendo appellant was "seized," Deputy Moon's seizure and eventual search would not violate theFourth Amendment as they were reasonable and legitimate under the circumstances. Terry, supra, at 16. In order to determine whether a seizure was reasonable, courts employ a balancing test. The test balances the state's interests against an individual's right to be free from arbitrary interference by law enforcement officers. Brown v. Texas (1979), 4343 U.S. 47, 50. To guard against arbitrary invasions by police, the Fourth Amendment requires "that a seizure must be based on specific, objective facts indicating that society's legitimate interests require the seizure of the particular individual." Id. at 51.
 {¶ 19} Moon testified his primary concerns for engaging appellant were officer safety. Courts have held that officer safety is a "very legitimate" concern and an officer may therefore take those steps necessary to protect his or her safety. State v. Stiles, 11th Dist. No. 2002-A-0078, 2003-Ohio-5535, at ¶ 16; see, also, State v. Lozada,92 Ohio St.3d 74, 79, 2001-Ohio-149, citing Pennsylvania v. Mimms
(1977), 434 U.S. 106, 111. It does not matter whether the underlying offense is a minor misdemeanor as long as the officer possesses "reasonable suspicion" the party is armed and the officer has a legitimate belief his or her safety may be compromised. See, State v. Kasunic (Feb. 7, 1996), 9th Dist. No. 2449-M, 1996 Ohio App. LEXIS 374, at 11-12; see, also, Statev. Evans, 67 Ohio St.3d 405, 408-409, 1993-Ohio-186; State v.Birchfield (Aug. 26, 1997), 4th Dist. No. 97CA2281, 1997 Ohio App. LEXIS 3872, 18-19. An officer, in forming his or her belief on whether a circumstance is safe, is entitled to draw reasonable inferences form the facts in light of his or her experience.Stiles, supra, at ¶ 15. Therefore, to the extent Moon's concern for safety was founded upon specific, objective facts, he was entitled to take steps necessary to protect himself and others, e.g., ask appellant to exit the vehicle and seek information related to his concerns.
 {¶ 20} Here, Moon did not know the basis for appellant's parole. At the suppression hearing, Moon testified "I don't know if he assaulted a police officer, * * * I would like to know that information. I ask everyone who's on parole what they are on parole for. * * * I want to know for my officer safety what he's on parole for." Once appellant disclosed he was on parole for drug trafficking, Officer Moon asked whether appellant had any contraband or weapons on his person. When asked if he felt his safety was compromised by contraband, Moon testified: "Well, I don't know if anything is not unsafe with contraband but I know from * * * looking at previous instances with contraband there is usually some type of weapon involved * * *."
 {¶ 21} These facts, in conjunction with the time of night (2:05 a.m.) and the location of the stop (an area known for high drug trafficking), demonstrate Moon had a specific, objective basis to justify his concern for his safety. Appellant's initial argument is therefore unavailing.
 {¶ 22} Appellant next argues the trial court erred in denying his motion to suppress because, after finding the marijuana, the continued search was invalid. Specifically, appellant asserts the officer improperly searched him incident to an arrest for his possession of marijuana, a minor misdemeanor.
 {¶ 23} Appellant is correct, a party may not generally be arrested for a minor misdemeanor. See, R.C. 2935.26(A). Although there are exceptions to this rule, appellant's case does not fit into an excepted category. That said, however, appellant's argument is premised upon facts not in evidence, viz., that the search was conducted incident to an arrest. Moon testified he frisked appellant subsequent to his admission that he possessed marijuana because he was concerned he may have been in possession of a weapon. Thus, the "pat down" was not a search incident to an arrest, but a safety precaution taken by Moon to establish appellant was not carrying any weapons.
 {¶ 24} Appellant was not actually arrested until after Officer Moon discovered a bag of cocaine in the front, right "change pocket" of appellant's pants. Appellant argues Moon should have simply issued him a citation once the marijuana was found; however, as indicated supra, Moon's concern for his safety was reasonable and based upon specific, objective facts. Hence, he was entitled to take measures necessary to quell his concern. Here, frisking appellant was the least intrusive means to ensure appellant had no weapon. During the frisk, however, Officer Moon discovered appellant was in possession of cocaine, a felony, for which appellant was properly arrested.
 {¶ 25} In sum, Officer Moon's concern for his safety prompted him to frisk appellant which resulted in the discovery of the cocaine. Moon's reasons for patting down appellant were reasonable and thus any evidence legitimately obtained as a result of the search was admissible. Appellant's sole assignment of error is overruled.
 {¶ 26} For the foregoing reasons, appellant's assignment of error is overruled and the judgment of the Lake County Court of Common Pleas is hereby affirmed.
Grendell, J., concurs, O'Toole, J., concurs in judgment only.